**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

J.R. GIBSON; NANCY GIBSON,

Plaintiffs-Appellants,

v.

DAN GLICKMAN, Secretary of
the United States Department of
Agriculture; UNITED STATES
OF AMERICA,

Defendants-Appellees.

No. 00-6406
(D.C. No. 99-CV-657-P)
(W.D. Okla.)

ORDER AND JUDGMENT   *

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellants J.R. and Nancy Gibson appeal from a decision of the district court that upheld an adverse final decision of the Farmers Home Administration (FmHA). We have jurisdiction under 5 U.S.C. § 702 and 28 U.S.C. §§ 636(c)(3) & 1291. Under the Administrative Procedure Act (APA), a court is authorized to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id. § 706(2)(A). We must take "due account . . . of the rule of prejudicial error." Id. § 706(2). This court has equated the rule of prejudicial error with harmless error review. See Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993). For the reasons set out below, we affirm.

Appellants are farmers who took out a series of loans from the FmHA, now called the Farm Services Agency, beginning in 1978. Appellees' App., Vol. II at 346, 383-403A. The last new loan was in 1984, but the loans were renewed after that. See Appellants' App. at 15. Appellants stopped making voluntary payments on their debt in 1987. See Appellees' Br. at 4 & n.4 (citing Appellees' App., Vol. I at 211-13). They received a write-down of over $75,000 in debt in 1990. Appellees' App., Vol. II at 346.

In 1992, appellants applied to the FmHA for restructuring of their loans ("1951-S servicing") and another write-down. See Appellants' Br. at 1, 3. In support of their application, appellants submitted several years' worth of tax

-2-

returns and a "Farm and Home Plan," a financial document disclosing appellants' assets and liabilities, and showing how appellants planned to repay their obligations. The Farm and Home Plan submitted was based on 1992 land values and other relevant factors, and was subject to review and approval by the agency. The agency denied restructuring on the ground that appellants acted in bad faith because they failed to disclose some of Mrs. Gibson's assets and transferred or sold some of her assets before making their application.

Appellants initiated administrative review, which resulted in several hearings and several decisions in appellants' favor on the issue of bad faith. A decision in October 1994 was the first final administrative decision. See Appellants' App. at 12-19. The hearing officer determined that the only question before him was Mr. Gibson's alleged failure to disclose Mrs. Gibson's assets and not whether he was insolvent at the time she transferred those assets. Id. at 14. The hearing officer decided that the agency's own procedures were inconsistent with respect to whether the farmer was obligated to disclose all assets or just those offered to secure the loans; that Mr. Gibson followed the directions he was given by the agency when he filled out the agency's forms; that the agency's inconsistent arguments before the hearing officer concerning Mrs. Gibson's assets showed that it knew about those assets from tax returns or appellants' other Farm and Home Plans; that Mr. Gibson did not disclose his wife's assets because he did

not own them; and that bad faith is proved by showing a farmer's intent to violate his written agreements with the agency, not a farmer's simple failure to fulfill those commitments or attempt to avoid more extensive commitments. <u>See</u> <u>id.</u> at 15-18. The hearing officer did not state, however, that appellants were entitled to restructuring; he held only that the agency could not base its denial on bad faith. <u>See</u> <u>id.</u> at 16-17.

The agency refused to submit to this decision and, in fact, eventually decided to offset appellants' other federal benefits against their loans. Appellants challenged that decision, too, which resulted in an administrative decision in their favor in 1998. However, the agency still denied restructuring on the basis of bad faith and ultimately decided to foreclose. [1] Appellants then sued.

The magistrate judge provided the final disposition by consent of the parties. <u>See</u> Magistrate Judge's Order and Judgment at 2. [2] He decided that the

_____

[1]    The record reveals a pattern of poor conduct on the part of the agency. Those details are not relevant to the issues appellants have raised, however.

[2]    The magistrate judge combined his decision under the heading of "Order and Judgment," stating at the end "judgment is hereby entered in favor of Defendants and against the Plaintiffs." <u>See</u> Magistrate Judge's Order and Judgment at 1, 13. The district court docket sheet does not indicate that a separate document setting forth the judgment was prepared by the clerk in accordance with Fed. R. Civ. P. 58, and the judgment entered on the docket pursuant to Fed. R. Civ. P. 79(a). Technically, therefore, it appears that these rules were not followed in the district court. If so, we presume that the clerk of the district court and the magistrate judge will revise their procedures for future cases. However, these rules are construed in favor of appellate rights, so there is no prejudice to either

(continued...)

-4-

agency had erred by not promptly implementing the 1994 administrative decision that the agency's determination of bad faith could not stand as a basis for denying a restructuring of appellants' loans.     Id. at 10-11.  The magistrate judge said the agency's delay in implementing the 1994 decision demonstrated "prejudice" to appellants.  Id. at 11.  The magistrate judge then found the error was "harmless," however, because appellants' loans had long been delinquent and they had made no showing that their loans would not have been delinquent if the 1994 decision had been promptly implemented.     Id.  We agree with the magistrate judge's ultimate and obvious conclusion that any error was harmless, and we are unconvinced that the magistrate judge's reference to prejudice misled the appellants.

Appellants set out three issues in their brief on appeal, but the first two are not appealable.  Appellants' first issue is that the agency erred by not enforcing the 1994 administrative decision.  The magistrate judge held that the agency erred in this regard.  In the absence of a cross-appeal, the magistrate judge's determination that the agency erred by not enforcing the 1994 administrative decision must stand.

---

[2](...continued)
party in this case.     Bankers Trust Co. v. Mallis    , 435 U.S. 381, 384-86 (1978) (per curiam).

Appellants' second issue is that they have exhausted their administrative remedies with respect to trying to restructure their debt.  Appellants' Opening Br. at 1.  The text of the argument appears to be referring to appellants' claim that the agency failed to implement the 1994 decision that bad faith could not be a basis for denying restructuring of their loan, although appellants' discussion is not specific.  See id. at 13-14.  It is unclear why appellants have raised this contention, however; the magistrate judge did not reject their restructuring arguments for failure to exhaust, but because of harmless error.  See Magistrate Judge's Order and Judgment at 9-12.  The magistrate judge did dismiss appellants' claim under the Equal Credit Opportunity Act for failure to exhaust, see id. at 9, 12-13, but appellants' exhaustion arguments do not appear to be based on this claim,  see Appellants' Opening Br. at 13-14.  Appellants' second issue therefore has no merit.

Appellants' third issue challenges the magistrate judge's holding that the agency's error was harmless.  This is a valid issue on appeal, but it is without merit.  In their statement of the case, appellants assert that if the agency had implemented the 1994 decision, then their loans would not have been delinquent later.  See Appellants' Opening Br. at 3-4.  However, as evidence, they cite only to the 1998 administrative decision deciding their challenge to the agency's action in offsetting their other federal benefits against their loan accounts.  Id. (citing

-6-

Appellants' App. at 43-49). Although appellants made the same argument in that challenge--that their loans would not be delinquent if the agency had implemented the 1994 administrative decision--the hearing officer did not decide that issue. The hearing officer decided only that the agency was not authorized under its regulations to offset without first notifying appellants whether their plan of repayment set forth in their 1992 Farm and Home Plan was acceptable. Appellants' App. at 45. Since the agency had never determined whether the 1992 Farm and Home Plan was acceptable, the offset was done in error. Id. at 45-46. Thus, the 1998 administrative decision provides no support for appellants' assertion that their loans would not be delinquent if the agency had implemented the 1994 administrative decision. In the argument portion of their brief, appellants present a conclusion that the error caused them harm, but they do not point to any evidence or case law to prove it. Appellants' Br. at 14-16. Even in their reply brief, appellants cite no evidence to support their point. Appellants' Reply Br. at 4-6. As a result, the court is left with nothing to review. The magistrate judge said that appellants had no evidence to show that there loan would not have been delinquent if the agency had acted differently, and appellants

fail to point out on appeal any evidence to refute this conclusion.  Therefore, the

magistrate judge's decision is AFFIRMED.


Entered for the Court


Stephen H. Anderson
Circuit Judge